Argued and submitted August 31, 1988, affirmed as modified February 22, 1989

In the Matter of the Marriage of

DRAGT,
*Appellant,*
*and*

DRAGT,
*Respondent.*

(15-87-03164; CA A46411)

768 P2d 929

Edward N. Fadeley, Eugene, argued the cause and filed the brief for appellant.

Ronald R. Sticka, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Wife appeals a dissolution judgment. She assigns as errors that the court did not award spousal support and divided the property inequitably. We modify the judgment and affirm it as modified.

Wife, age 60, and husband, age 69, were married for 16 years. Both were employed during the marriage and are now retired. Husband is in bad health; wife is in fair health. Neither disputes that both are unemployable. Husband recently had a heart attack and pneumonia, which required hospitalization, and suffers other serious ailments.

The judgment provided that the parties would sell the marital home. It is unencumbered, and its value is $39,000. Wife is to receive 55 percent of the net proceeds, and husband is to receive 45 percent. Accordingly, after allowing for expenses of sale, wife is to receive approximately $3,500 more than husband from the sale of the home. Otherwise, the court divided the assets substantially equally.[1]

As a result of the property division, and before the sale of the home, wife has monthly income of approximately $625, consisting of $500 from pension and Social Security payments and approximately $125 from bank interest. Husband's monthly income is about $800, of which $735 is from Social Security and pension payments and about $65 from bank interest. Assuming that husband and wife both invest their shares of the home proceeds in similar bank accounts, wife will earn monthly from that source approximately $20 more than husband.

The court concluded that wife should receive spousal support but that husband could not afford it. Accordingly, it concluded that wife should receive 55 percent of the house

---

[1] It awarded husband assets totaling $23,309, consisting of a car, a $9,600 bank account, insurance policies with cash surrender values totaling $5,709, half of the furniture and $500 of the value of a funeral plan. It awarded wife assets totaling $22,559, consisting of a car, bank accounts totaling $21,059, half of the furniture and $500 of the value of a funeral plan. Husband also owes over $500 in uninsured medical costs for his recent hospitalization.

proceeds.[2] Wife asserts that, although she should receive the greater share of the house proceeds, she also should receive spousal support, because she needs it and husband can afford it. Husband asserts that he cannot afford spousal support, because, in his view, he has greater expenses than wife for food, rent and other necessities.

■　　　From the record, we conclude that husband has a monthly income about $175 greater than wife before taking the house division into account. Because of the parties' relatively low incomes, that is a significant difference. After wife moves out of the house and obtains new accommodations, the necessary monthly living expenses of the parties will be comparable.[3] On the other hand, husband may continue to live with his son at a reduced rental. We conclude that, because of the disparity in their incomes and the approximate equality of their needs, wife should receive spousal support and husband can afford it. *See* ORS 105.107(d).

■　　　We also conclude that the award to wife of 10 percent more of the home value than was awarded to husband is not an adequate substitute for spousal support. In *Faires and Faires,* 45 Or App 851, 856, 609 P2d 871 (1980), we stated:

"Awarding the savings account [of $15,000] to wife might be considered the equivalent of support for some period of time and would not be an unfair disposition to that extent. But the failure to award any spousal support *per se* is nonetheless unfair, since wife might prove unable to increase her earning potential sufficiently in that period of time."

Here, of course, neither party will be able to increase earning potential. In *Sherman and Sherman,* 38 Or App 321, 590 P2d 256 (1979), we upheld a property adjustment in lieu of spousal support. There, however, the wife received $93,000 and the husband received $44,000, a difference of almost $50,000.

---

[2] The court said:

"Petitioner in this matter is entitled to an award of Spousal Support. However, the Court Further Finds that the Respondent is unable to pay that support on a monthly basis, and therefore, awards to the Petitioner an additional 5% of the net proceeds of the sale of the real property of the parties, as specifically hereinafter ordered."

[3] Husband's anticipated monthly living expenses are $873, including $350 for rent. Wife's estimated monthly living expenses are $560, which does not cover the rent that she will incur when she moves from the home. Neither estimate includes unanticipated uninsured medical expenses.

Here, what marital assets wife receives in excess of what husband receives is, in terms of spendable dollars to wife, the equivalent of very modest monthly spousal support. Although we do not disturb the property division, wife should also receive permanent monthly spousal support of $40.

Judgment modified to award wife $40 permanent monthly spousal support effective on the effective date of the appellate judgment; affirmed as modified. No costs to either party.